But the Court (nem'. con.) overruled the objection, the plaintiffs’ counsel, in opening the case to the jury, having admitted that certain property had been assigned to a trustee to be applied to the payment generally of the debts of Thomas Corcoran, senior, and that $1,800 had been paid into the plaintiffs’ bank, to be so applied, a proportion of which was applicable to the note of Thomas Corcoran, senior, mentioned in the indorsement aforesaid.
Mr. Coxe, for the defendant, objected to the admissibility in evidence of the note upon which this action was founded.
But the Court overruled the objection, and the note was read. Whereupon the defendant’s counsel prayed the Court to instruct the jury that upon this evidence the plaintiff was not entitled to recover ; or if entitled to recover, not more than nominal damages, *514 without first showing the note of Thomas Corcoran, senior, as described in the said indorsement, and showing further what amount of money is now due thereon ; (Chitty, 154, last edition.) But the Court, (Thruston, J. absent,) refused to give the instruction, and the defendant’s counsel took a bill of exceptions.
The defendant’s counsel then objected that the note of Thomas Corcoran, senior, being made payable directly to the President and Directors of the Union Bank of Georgetown, or order, and discounted by the bank to the credit of Thomas Corcoran, senior, the transaction was a direct loan, and not a mercantile discount, and that taking the interest in advance for the time the note had to run, was usurious; and that the note in suit, being given as a security for that loan, was void under the statute of usury.
Mr. R. J. Brent, having suggested that the same question would arise in another case now on the trial docket of this term, in which he was concerned as counsel, was permitted to argue the point to the Court.
He contended that there is a difference between a loan and a discount. The taking of the interest in advance can only be justified upon a real mercantile discount of negotiable paper actually negotiated, or by the usage of the banks, known to the legislatures at the time of granting the privilege of banking. Comyns on Usury, 86; Ord on Usury, 68; Marsh v. Martindale, 3 B. & P. 154; Bank of Washington v. Thornton, 3 Peters, 38; 3 Sergeant & Lowber, 95, note; Law of Maryland of 1836, ch. 272, authorizing the discount of notes made payable directly to the banks. Bank of Kentucky v. Brooking, 2 Littell’s Kentucky Hep. 42.
On the other side, it was said that such notes are discounted in Boston daily. There cannot be usury without an intention to take usurious interest. Bank of United States v. Waggener, 9 Peters, 399; Fleckner v. Bank of United States, 8 Wheat. 354; Chitty, 100; Bank of Kentucky v. Brooking, 2 Littell, 42; Wood v. Dummer, 3 Mason, 308.
The Court (Cranch, C. J., giving no opinion, not having examined the authorities cited,) decided instanter that the transaction was usurious.